**CHRISTIE S. TOTTEN, OSB #085890**
christietotten@dwt.com
**JANDEE WALLIS, OSB #244454**
jandeewallis@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

　　　　Attorneys for Defendant Legacy Health

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RANCE PRESTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LEGACY HEALTH SYSTEMS, dba<br>RANDALL CHILDREN'S HOSPITAL;<br>SUPERVISOR ROBERT JERAND, in his<br>individual and official capacity; and other<br>Defendants, presently unknown at this time.,<br><br>　　　　　　　Defendants. | Case No. 3:25-CV-01218<br><br>**NOTICE OF REMOVAL** |

To:　　　　Clerk of the Court, United States District Court for Oregon, Portland Division

And to:　　Rance Preston, 1136 NE Siskiyou St. Portland, OR 97217; Rance Preston, P.O.
　　　　　　Box 12341, Portland, OR 97212

　　　　Defendant, erroneously identified by Plaintiff as "Legacy Health Systems, dba Randall

Children's Hospital" and which Defendant understands to be Legacy Health as the current entity

rather than the previous "Legacy Health System," and for which the associated "dba Randall

Children's Hospital" does not apply (hereafter referred to as "Defendant Legacy"), hereby

Page 1 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main ∙ (503) 778-5299 fax

removes this action, originally filed in the Circuit Court of the State of Oregon for the County of Multnomah, to the United States District Court for the District of Oregon, Portland Division. Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Legacy hereby removes this action on the grounds described below.

## I. BACKGROUND

1.      This action is being removed to federal court based on federal question jurisdiction and associated supplemental jurisdiction.  28 U.S.C. §§ 1331, 1367.

2.      On May 12, 2025, Plaintiff Rance Preston ("Plaintiff") filed the Complaint ("Compl.") in the Circuit Court of the State of Oregon for the County of Multnomah, titled *Rance Preston v. Legacy Health Systems, dba Randall Children's Hospital; Supervisor Robert Jerand; et al.,* Case No. 25CV28878 (the "State Court Action").

3.      On June 13, 2025, Defendant Legacy was served with a Summons and Complaint in the State Court Action.

4.      Copies of the Summons, Complaint, and Proof of Service, are attached as **Exhibit 1**, and constitute all process, pleadings, and orders served on Defendant Legacy in the action up to the present date.

## II. REMOVAL IS TIMELY

5.      This Notice of Removal is filed with the Court within thirty (30) days after service of the Complaint and Summons on Defendant Legacy, and is therefore timely.  28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[If] the summons and complaint are served together, the 30-day period for removal runs at once.").

## III.    DEFENDANT LEGACY HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for

4907-2209-5955v.5 0759078-000294

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

removal.'"  *Dart Cherokee Basin Operating Co. v. Owen*, 574 U.S. 81, 84 (2014).  "A statement 'short and plain' need not contain evidentiary submissions."  *Id.*

7.    "[U]nserved defendants need not consent to removal."  *Anderson v. Kaz, Inc.*, No. 08-cv-253-BR, 2008 WL 2477559, at *3 (D.Or. June 12, 2008) (citing *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001)).  Plaintiff has not filed a proof of service for any other defendant as of the date of this filing.

8.    Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in a state court to the respective United States District Court if the district court has original jurisdiction over the action.

9.    Federal district courts have original jurisdiction over all civil actions arising under federal law.  28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction based on federal question jurisdiction because Plaintiff asserts claims arising under the laws of the United States.

10.    Plaintiff's Fifth Claim arises under federal law.  Ex. 1, Complaint, ¶ 17.  Plaintiff pleads this claim as "Failure to Uphold Weingarten Rights" and expressly cites *NLRB v. J. Weingarten, Inc.*, (Ex. 1, Complaint ¶ 17), which held that denying an employee's request to have a union representative present at certain investigatory interviews is a violation of 29 U.S.C. § 158.  *See NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 252 n.1, 260 (1975).  By alleging violation of such right, in violation of 29 U.S.C. § 158, Plaintiff's Fifth Claim arises under federal law.

11.    Plaintiff's Fourth Claim also arises under federal law.  Ex. 1, Complaint, ¶¶ 9, 16. In asserting a "breach of standard of care in workplace policies," Plaintiff does not identify a statutory or legal basis for the claim, other than internal policies and an alleged failure to adhere to a collective bargaining agreement ("CBA") and its "standards, leading to procedural violations."  *Id.*  The Supreme Court has interpreted a similar claim for a breach of duty under a collective bargaining agreement as a federal claim under § 301 of the Labor Management

4907-2209-5955v.5 0759078-000294

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main ∙ (503) 778-5299 fax

Relations Act of 1947, codified at 29 U.S.C. § 185(a).  *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 862 (1987) (rejecting the plaintiff's argument that the claim was actually a state-law tort claim); *see Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (under the artful pleading doctrine, a plaintiff cannot avoid federal jurisdiction by characterizing federal claims as state law claims).  Here, as in *Hechler*, to assess Defendant Legacy's liability, "a court would have to ascertain, first, whether the collective-bargaining agreement in fact placed an implied duty of care . . . , and, second, the nature and scope of that duty."  481 U.S. at 862.  Here, it is not clearly pleaded whether Plaintiff intends a state law or federal law claim. In either case, the claim involves a federal question because even when "'resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,' the plaintiff's claim is pre-empted by § 301" and there is a federal question.  *Id.* at 852-53.

12.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims, since Plaintiff's state claims are so related to his federal claims that, together, the claims form part of the same case or controversy.  *See generally* Compl. Specifically, Plaintiff alleges discrimination, wrongful termination, and legal violations related to his employment and separation of employment.  *Id.* ¶¶ 6-17.  He alleges a failure to accommodate a medical condition pursuant to state law (*id.* ¶ 13); use of "invalid Corrective Actions to justify termination, violating" the CBA and other policies and "procedural safeguards" (*id.* ¶ 14); failure to comply with discovery requests (citing state law and the Federal Rules of Civil Procedure) in a related agency charge regarding his employment and separation (*id.* ¶¶ 11, 15); and discrimination in employment including by extending a probationary period (*id.* ¶ 16).

13.     This Court therefore has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4907-2209-5955v.5 0759078-000294

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

14.     Pursuant to 28 U.S.C. § 1446(a), venue lies with this Court because the United States District Court for the District of Oregon is the federal judicial district embracing the Circuit Court of the State of Oregon for the County of Multnomah, where Plaintiff filed the State Court Action.  28 U.S.C. § 117.  Under LR 3-2(a)(1), cases where the claims arose in Multnomah County are properly removed to the Portland Division, and Plaintiff's claims stem from actions and events that allegedly occurred in Multnomah County.  Compl. ¶ 5.  Defendant Legacy has therefore properly removed this case to the Portland Division of the District of Oregon.

15.     Promptly upon filing this Notice of Removal, Defendant Legacy will give written notice to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah, as required by 28 U.S.C. § 1446(d).

16.     Defendant Legacy has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

17.     This Notice is filed pursuant to Fed. R. Civ. P. 11.

WHEREFORE Defendant Legacy therefore gives notice that the above-entitled action is removed from the Circuit Court of the State of Oregon for the County of Multnomah to the Portland Division of the United States District Court for the District of Oregon.

DATED this 11th day of July, 2025.

**DAVIS WRIGHT TREMAINE** LLP

By  *s/ Christie S. Totten*
Christie S. Totten, OSB #085890
christietotten@dwt.com
Jandee Wallis, OSB #244454
jandeewallis@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Defendant Legacy Health

4907-2209-5955v.5 0759078-000294

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **NOTICE OF REMOVAL** on:

> Rance Preston
> 1136 NE Siskiyou St.
> Portland, OR 97212
> Telephone 503.995.7693
>
> Rance Preston
> P.O. Box 12341
> Portland, OR 97212
> Telephone 503.995.7693
>
> Plaintiff (*Pro Se*)

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said party's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said party's address as stated in the Summons served in this case and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said party's address as shown above on the date set forth below; or

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said party's last-known address on the date set forth below.

Dated this 11th day of July, 2025.

DAVIS WRIGHT TREMAINE LLP

By: *s/ Christie S. Totten*
Christie S. Totten, OSB #085890
Jandee Wallis, OSB #244454
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Defendant Legacy Health

4907-2209-5955v.5 0759078-000294

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax