# In the Circuit Court of the State of Oregon

For the County of __Multnomah__

__Rance D Preston__ , Plaintiff(s),

vs.

__Legacy Health systems dba__
__Randall's Children Hospital;__
__Supervisor Robert Jerand__

_____, Defendant(s).

Case No. __25CV28878__

**SUMMONS**

To __Legacy Health Systems 1919 NW LoveJoy__
__Portland, OR 97209__
_____ Defendant

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

SIGNATURE OF ☐ ATTORNEY ☐ AUTHOR FOR PLAINTIFF: __Rance D Preston__

ATTORNEY'S / AUTHOR'S NAME (TYPED OR PRINTED): __Rance D Preston__   BAR NO. (IF ANY)

ADDRESS: __PO Box 12341__

CITY __Portland__  STATE __OR__  ZIP __97212__  PHONE __503-995-7693__

FAX (IF ANY):   ATTORNEY'S E-MAIL ADDRESS (IF ANY): __cpreston-pdx@gmail.com__

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)   BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.


ATTORNEY(S) FOR PLAINTIFF(S)

According to ORCP 7A, "a true copy of a summons and complaint" means an exact and complete copy of the original documents. No signed certification to that effect is necessary.

Page 1 – SUMMONS.

FORM No. P190 – SUMMONS
© 1985-2011  Stevens-Ness Law Publishing Co.
Portland, OR  www.stevensness.com

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

EXHIBIT 1
Page 1 of 10

_Verified Correct Copy of Original 5/13/2025._

FILED MULTNOMAH CO CIRCUIT CT
'25 MAY 12 PM 2:30

IN THE CIRCUIT COURT IN THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

25CV28878

| | |
|---|---|
| RANCE PRESTON<br><br>Plaintiff (*Pro Se*),<br><br>vs.<br><br>**LEGACY HEALTH SYSTEMS**, *dba* **RANDALL CHILDREN'S HOSPITAL; SUPERVISOR ROBERT JERAND**, in his individual and official capacity; and other Defendants, presently unknown at this time.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT:**<br><br>1. Employment Discrimination<br>2. Wrongful Termination<br>3. Failure to Comply with Discovery Requests<br>4. Breach of Standard of Care<br>5. Failure to Uphold Weingarten Rights<br>6. Bias and Differential Treatment During 90-Day Probationary Period.<br><br>NOT SUBJECT TO MANDATORY ARBITRATION ORS 36.405 (1)(A)<br><br>**PRAYER AMOUNT: $1,750,000.00**<br><br>Filing Fee: ORS 21.160 (1)(c) $594 |

Plaintiff Rance Preston ("Preston and/or Plaintiff") alleges:

**PARTIES**

1.

Rance Preston ("Preston and/or Plaintiff") is a former employee of Legacy Health Systems.

2.

At all material times Defendant Legacy Health Systems dba Randall Children's Hospital; ("Legacy") is a domestic nonprofit corporation duly formed and authorized to

1

EXHIBIT 1
Page 2 of 10

conduct business in the State of Oregon. Defendant Legacy resides in Multnomah County, Oregon. At all material times, Defendant Legacy resides in Multnomah County, Oregon. At all material times, Defendant Legacy owned and managed the hospital and medical center located at 501 N. Graham St., Portland, OR 97227 ("Hospital").

3.

At all material times, Defendant Legacy is a domestic nonprofit corporation duly formed and authorized to conduct business in the State of Oregon. Defendant Legacy resides in Multnomah County, Oregon.

4.

On information and belief, at all material times Supervisor Robert Jarand ("Jarand") was employed by Defendant Legacy and acting in his supervisory capacity.

**JURISDICTION & VENUE**

5.

Jurisdiction and venue are proper in the Circuit Court for Multnomah County because all defendants reside in this county and the acts giving rise to damages occurred in this county.

**FACTUAL ALLEGATIONS**

6.

Preston was hired by Legacy on April 02, 2018 as a part-time, on-call, Environmental Services Housekeeper ("EVS") at the Graham Street location.

7.

EXHIBIT 1
Page 3 of 10

Preston began experiencing health problems in late 2018. Despite having medical notes from Dr. Mathew Breeze, Legacy did not accommodate Preston's request for light duty although Legacy accommodated other employees' light-duty requests.

8.

Throughout 2019 - 2021, Preston was absent from work at various times due to ongoing health problems and COVID-19 concerns. Mr. Preston had excusable medical absences from work, which were documented by Dr. Breeze. Preston communicated to his supervisors, including Robert Jarand, and other supervisors unknown at this time, that he was having difficulty coordinating with his primary doctor but that he would provide the necessary documentation to cover his absences as soon as he could.

9.

The SEIU Local 49, collective bargaining agreement that EVS personnel worked under provided for a "reset" of "absence days" every year. After one year said "absence days" are to fall off of Employee's Personnel Files, pursuant to the SEIU, Local 49, Collective Bargaining Agreement ("CBA"). Legacy Health Administration Policy 500.506 on Corrective Action explicitly outlines that consultation with the Employment Relations Consultant is required for final corrective action and termination.

Despite this, Legacy failed to adhere to its own procedural safeguards, resulting in wrongful termination. Additionally, the policy acknowledges that termination should only occur when corrective actions have not resulted in sufficient improvement or when the issue is of a serious nature.

In Plaintiff's case, medically excused absences were improperly used as grounds for termination, in direct conflict with these established internal policies.

Verified Correct Copy of Original 5/13/2025.

**10.**

On the morning of July 15th 2022, Preston was fired by Jarand citing "attendance issues," even though his absences were medically excused.

**11.**

On February 10, 2024, Preston received a ruling from BOLI that their investigation of his firing had found credible evidence of discrimination against him by Legacy and that he had 90-days to file a lawsuit.

**12.**

Plaintiff incorporates the timeline in any and all prior correspondence, submitted during the BOLI investigation, including, but not limited to:

1. September 14, 2024 - Specific Discovery Requests submitted;
2. October 25, 2024 – Final Discovery Requests submitted, covering the scope of 10 calendar years;
3. October 31, 2024 – Legacy Health Systems removes all Managers/Supervisors under Crothall Healthcare Professionals' third-party contract management, following Plaintiff's request for systemic records;
4. December 19, 2024 – BOLI issues a favorable decision under ORS 659A.112, confirming Legacy's failure to provide reasonable accommodations to Plaintiff.

### CAUSES OF ACTION

**A.     FIRST CLAIM FOR RELIEF**

Plaintiff realleges paragraphs 1-12 above.

**13.**

**Employment Discrimination**

EXHIBIT 1
Page 5 of 10

1. ***Failure to Accommodate (ORS 659A.112)***:

Legacy Health Systems failed to provide Light Duty accommodations following Plaintiff's Atrial Fibrillation diagnosis, despite its medical necessity. BOLI's ruling confirmed this failure, yet enforcement currently remains lacking.

**B.        SECOND CLAIM FOR RELIEF**

Plaintiff realleges paragraphs 1-13 above.

**14.**

**Wrongful Termination.**

2. ***Wrongful Termination & Invalid Corrective Actions***:

Supervisor Robert Jarand denied Plaintiff's Weingarten Rights during the termination meeting on July 15, 2022. Legacy used invalid Corrective Actions to justify termination, violating procedural safeguards, Legacy's own Human Resources Policies, and the controlling SEIU, Local 49, CBA. Defendants' continued refusal to avoid these procedural safeguards has caused Plaintiff ongoing irreparable harm.

**C.        THIRD CLAIM FOR RELIEF**

Plaintiff realleges paragraphs 1-14 above.

**15.**

**Failure to Comply with Discovery Requests.**

3. ***Failure to Comply with ORS 651.060 Discovery Request***:

Legacy refused to comply with multiple discovery requests, obstructing Plaintiff's ability to gather evidence pursuant to ORS 651.060 and FRCP 37(a). BOLI failed to enforce compliance, despite repeated requests, which caused Plaintiff direct undue harm.

D.     **FOURTH CLAIM FOR RELIEF**

Plaintiff realleges paragraphs 1-15 above.

16.

**Breach of Standard of Care**

4. *Systemic Discrimination during Probationary Periods*:

Employees Monica Alexander, Sherri Preston, and others were terminated following minor workplace disagreements, while others were retained. Legacy applied inconsistent standards, disproportionately affecting minority employees at the "North Portland" location. In August 2018, Defendants extended my probationary period. The extension of Plaintiff's probationary period was a pattern and practice of disparate treatment of African-Americans compared to similarly situated non-minority employees.

5. *Breach of Standard of Care in Workplace Policies*:

Legacy failed to adhere to existing internal policies as well as the Service Employees International Union, (hereinafter, "SEIU"), Local 49's Collective Bargaining Agreement (hereinafter "CBA") standards, leading to procedural violations. Supervisor Robert Jarand and others failed to follow termination guidelines, causing Plaintiff direct undue harm.

E.     **FIFTH CLAIM FOR RELIEF**

Plaintiff realleges paragraphs 1-16 above.

17.

**Failure to Uphold Weingarten Rights**

6. *Defendants Directly Violated Plaintiff's Weingarten Rights:*

Verified Correct Copy of Original 5/13/2025.

On the morning of July 15th 2022, at 6:30 a.m., Preston was fired by Jarand, citing "attendance issues," even though his absences were medically excused. Prior to Plaintiff's termination, Plaintiff requested mediation assistance from his SEIU Union Representative, but was denied the requested assistance required pursuant to the SEIU, Local 49, controlling Collective Bargaining Agreement. Defendants' refusal to abide by the dictates of the CBA directly violated Plaintiff's Weingarten rights in violation of controlling U.S. Supreme Court caselaw. *See, NLRB v. J. Weingarten., Inc.*, 420 U.S. 251 (1975)(establishing an Employee's right to union representation during investigatory meetings).

## RESERVATION OF RIGHTS

Plaintiff realleges paragraphs 1-17 above.

**18.**

Plaintiff hereby reserves and preserves the right to further allege additional Causes of Relief, stemming from Defendants' harmful actions, as necessary, and discovered, during this Litigation.

## REMEDIES

Plaintiff realleges paragraphs 1-18 above.

**19.**

**Plaintiff seeks the following relief:**

1. Immediate rescission of termination, for Defendants' failure to be in compliance with FRCP 37(a), since October 25, 2024, on the Final Discovery Request; and

2. Immediate reinstatement with full back-pay benefits and seniority, pursuant to ORS 659A.043, which mandates that an employee must be reinstated to their former position if it

7

EXHIBIT 1
Page 8 of 10

Verified Correct Copy of Original 5/13/2025.

1  remains available and they are medically able to perform the job. Plaintiff was wrongfully
2  terminated despite medically excused absences, and Defendants failed to comply with
3  procedural safeguards. Reinstatement is the appropriate remedy to correct this violation;
4  3.  One year of medical leave to begin treatment with Dr. Keith Dempsey for trauma
5  recovery;
6  4.  Compensatory damages of $1.75 million for emotional distress, reputational damage,
7  and pain and suffering;
8  5.  Punitive damages to deter future violations of a similar nature;
9  6.  Statutory penalties and interest for violations of:
10      a.  ORS 651.060;
11      b.  ORS 659A.112; and
12      c.  ORS 659A.030.
13  7.  Enforcement of ORS 651.060 to compel Legacy's compliance with discovery requests; and
14  8.  Legal protections for Plaintiffs, yet unknown, ensuring fairness for those afraid to
15  come forward.

Dated this May 13, 2025.

_____
Rance Dwayne Preston (Plaintiff, *Pro Se*)

EXHIBIT 1
Page 9 of 10

6/18/2025 2:39 PM
25CV28878

# RETURN OF SERVICE

**State of Oregon**          **County of Multnomah**          **Circuit Court**

Case Number: 25CV28878

Plaintiff:
**Rance D. Preston,**

vs.

Defendant:
**Legacy Health Systems dba Randall Children's Hospital;
Supervisor Robert Jerand, in his indivdual and official capacity;
and other Defendants, presently unknown at this time,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Legacy Health Systems dba Randall Children's Hospital, 1919 NW Lovejoy St, Portland, OR 97209**.

I, Herman Garcia, do hereby affirm that on the **13th day of June, 2025** at **3:10 pm**, I:

Served **Legacy Health Systems dba Randall Children's Hospital** by serving a true copy of the **Summons; Complaint** to **Kristin Froberg, Clerk on Duty** at **1919 NW Lovejoy St, Portland, OR 97209**

**Certification of Mailing:** On **6/16/2025** a copy of the above referenced document(s) was mailed by regular U.S. Postal Service mail, first class, postage prepaid, to **1919 NW Lovejoy St, Portland, OR 97209**. If mailed by other than server: X _[signature]_

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_[signature]_

**Herman Garcia**
Process Server      6-17-25

**Date**

**RUSH PROCESS SERVICE, INC.
2014 N.E. Sandy Blvd., Suite 204
Portland, OR 97232
(503) 232-3667**

Our Job Serial Number: SKS-2025006265

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

EXHIBIT 1
Page 10 of 10