IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RANCE PRESTON, | Case No. 3:25-cv-01218-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LEGACY HEALTH *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Rance Preston ("Preston"), a self-represented litigant, originally filed this employment action against Defendants Legacy Health ("Legacy") and Robert Jerand ("Jerand") (together, "Defendants"), in Multnomah County Circuit Court.[1] Following removal, Legacy filed a partial motion to dismiss Preston's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and Preston filed a motion for partial summary judgment. For the reasons explained

---

[1] The Court notes that Preston erroneously named Legacy as Legacy Health Systems, dba Randall Children's Hospital. (*See* Def.'s Corp. Disclosure Statement at 1-3, ECF No. 2.) In addition, the Court dismissed Preston's claims against Jerand on January 5, 2025, for failure to effect timely service. (Order Dismissal, ECF No. 28.)

PAGE 1 – OPINION AND ORDER

below, the Court grants Legacy's partial motion to dismiss and denies Preston's motion for partial summary judgment.

## BACKGROUND[2]

Preston began working as a part-time, on-call environmental services housekeeper for Legacy on or about April 2, 2018. (Compl. ¶ 6, ECF No. 1-1.) "Throughout 2019-2021, Preston was absent from work at various times due to ongoing health problems and COVID-19 concerns." (*Id.* ¶ 8.) Preston alleges he received medical documentation, but Legacy "did not accommodate Preston's request for light duty although Legacy accommodated other employees' light-duty requests." (*Id.* ¶ 7.)

On July 15, 2022, Legacy terminated Preston, citing attendance issues. (*Id.* ¶¶ 9-10.) Preston, a member of the Service Employees International Union ("SEIU"), Local 49, alleges that his termination violated the terms of SEIU's Collective Bargaining Agreement ("CBA") with respect to medically excused absences. (*Id.* ¶ 9.)

On February 8, 2024, Preston filed a complaint with Oregon's Bureau of Labor and Industries ("BOLI"), alleging employment discrimination based on Oregon's Family Leave Act ("OFLA"), disability, race, and age. (*See* Decl. Jandee Wallis Supp. Def.'s Mot. Dismiss ("Wallis Decl."), Ex. 1 at 3, ECF No. 7-1;[3] *see also* Compl. ¶¶ 11-12.) On December 19, 2024,

---

[2] Preston pleads these facts in his complaint and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party" (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031-32 (9th Cir. 2008))).

[3] A court evaluating a motion to dismiss may take judicial notice of matters of public record and materials necessarily relied upon in the pleadings where authenticity is not contested. *See Lee v. City of Los Angeles,* 250 F.3d 668, 669 (9th Cir. 2001). Preston cites BOLI's correspondence in his complaint and does not contest the authenticity of Legacy's version of the letters, of which the Court takes judicial notice. *See, e.g., English v. Wal-Mart Super Ctr.,* No.

PAGE 2 – OPINION AND ORDER

BOLI shared its determination that there is substantial evidence to support Preston's allegation that Legacy failed to engage in the interactive process and to provide reasonable accommodation based on Preston's disability. (*See id*. at 1-6; *see also* Compl. ¶ 7.) BOLI also found that Preston's OFLA claim and race discrimination claim based on Legacy's extension of his probationary term in August 2018 were barred by the applicable statutes of limitations and that Preston presented insufficient evidence linking his allegations of discrimination to his race or age. (Wallis Decl., Ex. 1 at 5; *see also* Compl. ¶ 12.) On February 10, 2025, BOLI sent Preston a letter titled Notice of Right to File a Civil Suit, notifying Preston that he "may file a civil action" against Legacy "within [ninety] days after the date of mailing of this [ninety]-day notice." (*See* Decl. Christie Totten ("Totten Decl.") Ex. 2, ECF No. 22-2; *see also* Compl. ¶ 11.)

On May 12, 2025, Preston filed this action in Multnomah County Circuit Court. (*See* Notice Removal ¶ 2 & Ex. 1, ECF Nos. 1 & 1-1.). In his complaint, Preston asserted five claims for relief: (1) failure to accommodate a disability in violation of Oregon Revised Statutes ("ORS") § 659A.112, (2) wrongful termination, (3) failure to comply with state and federal discovery rules during BOLI proceedings, (4) "systemwide discrimination" and breach of Legacy's "internal policies" and CBA, and (5) violation of his "*Weingarten* rights."[4] (Compl. ¶¶ 13-17.)

On July 11, 2025, Legacy timely removed this case to federal court. (*See* Notice Removal ¶¶ 3, 5.) Legacy asserted that removal was proper because Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, or, alternatively, Sections 7 and 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157-58, completely preempted at least one of

---

05-cv-1089-BR, 2006 WL 897990, at *2 (D. Or. Apr. 3, 2006) (taking judicial notice of a BOLI right-to-sue letter because it was a matter of public record).

[4] *See N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251 (1975).

Preston's state law claims and thus presented a federal question under 28 U.S.C. § 1331. (*See* Notice Removal ¶¶ 1, 9-13.)

On August 8, 2025, Legacy filed a partial motion to dismiss Preston's complaint (Def.'s Mot. Dismiss, ECF No. 6), to which Preston responded on November 4, 2025 (Pl.'s Resp. Mot. Dismiss Failure State Claim ("Pl.'s Resp."), ECF No. 14), and Legacy replied on November 17, 2025 (Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply"), ECF No. 17). Preston also filed a motion for partial summary judgment (Pl.'s Mot. Summ. J., ECF No. 13) and a motion to remand to state court (Pl.'s Mot. Remand, ECF No. 15).

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Thus, "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

///
///
///
///

PAGE 4 – OPINION AND ORDER

# DISCUSSION

Legacy moves to dismiss Preston's second through fifth claims on the grounds that his claims are time barred, preempted, or fail to state a claim upon which relief can be granted.[5] (Def.'s Mot. Dismiss at 5-13.) Legacy also argues that several of Preston's requested remedies are not supported by any cognizable legal theory (*Id*. at 13-15.) Preston moves for partial summary judgment on the ground that "[Legacy]'s failure to accommodate and reinstate [Preston] constitutes a violation of Oregon law" and no "genuine dispute of material fact exists regarding liability[.]" (Pl.'s Mot. Summ J. at 1.)

## I.    LEGACY'S MOTION TO DISMISS

### A.    Wrongful Termination

Legacy argues that Preston's wrongful termination claim is untimely. (Def.'s Mot. Dismiss at 5.) Specifically, Legacy claims that "[t]he statute of limitations for [a] wrongful termination tort claim is two years[,]" Preston "alleges [that] his employment was terminated on July 15, 2022, he filed this action nearly three years later on May 12, 2025," and therefore "this claim is time barred and amendment would be futile." (Def.'s Reply at 17.)

The Court finds that Preston's wrongful termination claim is time barred under Oregon's applicable two-year statute of limitations because Preston was terminated on July 15, 2022 and he did not file this case until May 12, 2025. *See* OR. REV. STAT. § 12.110(1) ("An action for . . . any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"); *Samuelson v. Jewell Sch. Dist. 8*, 725 F. Supp. 3d 1195, 1224 (D. Or. 2024) ("A two-year statute of limitations applies to

---

[5] Legacy did not move to dismiss Preston's first claim for employment discrimination. (*See* Def.'s Mot. Dismiss at 5.)

Plaintiff's claim[] for . . . wrongful termination[.]"). Accordingly, the Court grants Legacy's motion to dismiss Preston's wrongful termination claim as untimely.

### B.  Discovery

Preston alleges that "Legacy refused to comply with multiple discovery requests." (Compl. ¶ 15.) Legacy argues that Preston fails to state a claim upon which relief may be granted because there is no private cause of action for violations of ORS § 651.060 or the Federal Rules of Civil Procedure. (Def.'s Mot. at 5-6.)

The Court agrees and grants Legacy's motion to dismiss Preston's third claim because there is no private right of action for failure to comply with discovery requests under Rule 37(a) or ORS § 651.060. *See Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1073 (9th Cir. 2025) (holding that the Rules "do not create a private right of action") (citations omitted), *cert. denied*, No. 25-496, 2025 WL 3507016 (U.S. Dec. 8, 2025); *Cohen v. Epstein, Becker, & Green*, No. 25-cv-10736 (LTS), 2026 WL 88446, at *2 (S.D.N.Y. Jan. 12, 2026) (holding that "[b]ecause the Federal Rules of Procedure cannot modify or create any substantive rights, courts have routinely held that the Federal Rules of Civil Procedure do not create a private right of action") (simplified); *see also* OR. REV. STAT. § 651.060(1) (authorizing the BOLI "commissioner [to] petition the circuit court in the county in which the investigation is pending for an order directing the person to show cause why the person has not complied with the subpoena and should not be held in contempt"); *Doyle v. City of Medford*, 337 P.3d 797, 803 (Or. 2014) (holding that "[i]n determining whether the legislature impliedly intended to create a private right of action for violation of a statutory duty, this court has generally focused on two factors: (1) whether the statute refers to civil liability in some way . . . ; and (2) whether the statute provides no express remedy, civil or otherwise, for its violation and, therefore, there would be no remedy of any sort unless the court determined that the legislature impliedly created

PAGE 6 – OPINION AND ORDER

one or the court itself provided one" (first citing *Chartrand v. Coos Bay Tavern Inc.,* 696 P.2d 513, 518 (Or. 1985); and then citing *Nearing v. Weaver,* 670 P.2d 137, 141-43 (Or. 1983)).

      C.    *Weingarten* **Rights**

Preston alleges that Legacy "directly violated [his] *Weingarten* rights[.]" (Compl. ¶ 17.) Legacy argues that Preston has failed to state a claim for violation of his *Weingarten* rights as a matter of law because the July 15, 2022 meeting at issue was held "solely for the purpose of informing [Preston] of a disciplinary decision." (Def.'s Mot. Dismiss at 7.)

In *Weingarten*, the Supreme Court established "the right of union representation at investigatory interviews which the employee reasonably believes may result in disciplinary action against him." 420 U.S. at 267 (citation omitted). The Ninth Circuit has long recognized that "*Weingarten* dealt with the right of representation in the context of an investigation [because i]n that setting, the right of mutual aid is implicated because of the possibility that the representative would be able to assist an intimidated employee in responding to the employer's questions." *Alfred M. Lewis, Inc. v. N.L.R.B.*, 587 F.2d 403, 411 (9th Cir. 1978). "While union representation must be permitted at some types of disciplinary sessions, it is the presence of an investigatory element which gives rise to the right." *Id.* (citation omitted). The Ninth Circuit has held that "*Weingarten* is not applicable" where "employees were simply informed of the disciplinary action to be taken." *Id.*

The Court agrees that Preston has not plausibly alleged that the meeting during which he was denied union assistance was investigatory in nature. Preston alleges that "[o]n the morning of July 15[,] 2022, at 6:30 a.m., [he] was fired by J[e]rand, citing 'attendance issues,' even though his absences were medically excused." (Compl. ¶ 17.) Preston claims that "[p]rior to [his] termination, [he] requested mediation assistance from his SEIU Union Representative, but was denied the requested assistance" and "Defendants' refusal to abide by the dictates of the CBA

PAGE 7 – OPINION AND ORDER

directly violated [his] *Weingarten* rights in violation of controlling U.S. Supreme Court case [] law." (*Id.*) However, Preston has not alleged any facts to suggest that the July 15, 2022 meeting at issue was investigatory in nature. On the contrary, Preston acknowledges that it was a "termination meeting." (Compl. ¶ 14.)

Accordingly, Preston has not plausibly alleged that the termination meeting triggered his *Weingarten* rights and the Court grants Legacy's motion to dismiss this claim.[6]

### D.   Standard of Care

Preston brings two claims based on Legacy's alleged failures to satisfy standards of care. Specifically, Preston alleges "[s]ystemic [racial] discrimination during probationary periods" and a breach of the standard of care in "[w]orkplace [p]olicies." (Compl. ¶ 16.)

#### 1.   Racial Discrimination

Preston alleges that Legacy breached its standard of care by extending his probationary period in August 2018, which "was a pattern and practice of disparate treatment of African-Americans compared to similarly situated non-minority employees." (*Id.*) Legacy moves to dismiss Preston's claim on the ground that it is time barred. (Def.'s Mot. Dismiss at 8.)

The Court construes Preston's race discrimination claim as arising under ORS § 659A.030, which makes it unlawful for an employer to "discriminate against [an] individual in compensation or in terms, conditions or privileges of employment . . . because of [their] race." OR. REV. STAT. § 659A.030(1)(b). Preston alleges that Legacy extended his probationary period in August 2018. (Compl. ¶ 16.) Although the Oregon Legislature later extended the applicable statute of limitations to five years, the statute of limitations in August 2018 was one year:

---

[6] Legacy also moved to dismiss Preston's *Weingarten* claim on the ground that it is preempted by the NLRA. (*See* Def.'s Mot. Dismiss at 7-8.) The Court does not reach this argument because Preston has failed plausibly to allege a violation of his *Weingarten* rights.

PAGE 8 – OPINION AND ORDER

> The [d]efendants assert that a one-year statute of limitations applies to Plaintiff's age discrimination claim under ORS § 659A.030. In 2019, however, the Oregon Legislature passed SB 726, which [] changed [the] statute of limitations applicable to an age discrimination claim brought under ORS § 659A.030 from one year to five years. *See* Or. Laws. 2019, ch. 343, § 6 (amending former ORS § 659A.875(2)). The new statute of limitations applies to prohibited conduct "occurring on or after the effective date of th[e] 2019 Act." *See id.* § 10(1). The effective date of the 2019 Act was September 29, 2019, and the School Board issued its final decision in November 2019.

*Samuelson*, 725 F. Supp. 3d at 1224 n.34. Preston challenges Legacy's extension of his probation in August 2018, which pre-dated the effective date of the law extending the statute of limitations. *See id.*; *see also Jefferson v. Fed. Express Corp.*, No. 3:20-cv-01314-HZ, 2021 WL 4951927, at *6 (D. Or. Oct. 23, 2021) (rejecting the plaintiff's reliance on SB 726 which "became effective on September 29, 2019, five months after" the events underlying the plaintiff's claim).

For these reasons, Preston's claim is subject to the one-year statute of limitations and was already time barred when he filed his BOLI complaint. (*Cf.* Wallis Decl., Ex. 1 at 5, BOLI similarly found that Preston's racial discrimination claim based on the August 2018 probation extension was time barred even under the five-year statute of limitations.) Accordingly, the Court dismisses Preston's "standard of care" claim based on alleged race discrimination.

### 2. Workplace Policies

Preston claims that Legacy breached its standard of care by failing to adhere to existing internal policies and SEIU procedures. (Compl. ¶ 16.) Legacy moves to dismiss Preston's claim because, *inter alia*, he fails to plead that he exhausted the CBA's grievance procedures. (Def.'s Mot. Dismiss at 9-13.) Specifically, Legacy argues that the LMRA governs Preston's claim and requires dismissal for failure to exhaust required grievance procedures. (*Id.*)

"Section 301 of the LMRA authorizes suits for violations of CBAs between an employer and a labor organization." *Baumgardner v. Smurfit-Stone Container Corp.*, 347 F. Supp. 2d 927, 932 (D. Or. 2004). Although Preston does not specifically refer to Section 301 as the basis for his

PAGE 9 – OPINION AND ORDER

breach of the standard of care claim, Preston "is asserting a [Section] 301 claim because [he] is accusing [the defendant] of violating various provisions of the CBA." *Flury v. Marriott Int'l Inc.*, No. CV-21-01068-PHX-DWL, 2022 WL 137577, at *3 (D. Ariz. Jan. 14, 2022).

"There are two types of breach of CBA claims that may generally be pursued under 29 U.S.C. § 185(a)." *McCloud v. Applied Integrated Techs., Inc.*, No. 3:18-cv-01397-JR, 2019 WL 1063384, at *4 (D. Or. Feb. 5, 2019), *findings and recommendation adopted*, 2019 WL 1064254 (D. Or. Mar. 6, 2019). First, "a claim by an employee attempting to protect his rights under a collective bargaining agreement brought pursuant to [Section] 301 is necessarily a 'hybrid' claim: a claim brought against the employer, for violating the employee's rights, and a claim brought against the employee's union, for failing to adequately represent him." *Cross v. Safeway, Inc.*, No. CIV. 03-132-TC, 2004 WL 1969407, at *6 (D. Or. Sept. 2, 2004) (simplified), *findings and recommendation adopted*, 2004 WL 2203257 (D. Or. Sept. 24, 2004). "[A] plaintiff may [also] bring a straightforward [Section] 301 claim, which alleges a breach of the CBA against the employer without accompanying allegations that a union breached its duty of fair representation." *McCloud*, 2019 WL 1063384, at *4.

Legacy notes that "[i]t is unclear whether [Preston's] claim is intended as a 'hybrid' or 'straightforward' [Section] 301 claim - reading the pleading broadly, it is not clear in the Complaint whether [Preston] alleges the union breached its duty of fair representation." (Def.'s Mot. Dismiss at 13.) The Court interprets Preston's complaint as alleging a "straightforward" Section 301 claim because Preston does not appear to "allege that the Union breached its duty of fair representation." *McCloud*, 2019 WL 1063384, at *4 (quoting *Greer v. Pac. Gas & Elec. Co.*, 265 F. Supp. 3d 1053, 1068-69 (E.D. Cal. 2017)).

///

PAGE 10 – OPINION AND ORDER

When bringing a "straightforward" Section 301 claim, "an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007) (first citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); and then citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983)). "There are three exceptions to [the] exhaustion requirement: (1) where the employee's use of the procedure would be futile; (2) where the employer has repudiated the CBA; and (3) where the Union has breached its duty of fair representation." *Ly Chhen v. Boeing Co.*, No. C18-779-MJP, 2018 WL 4103665, at *2 (W.D. Wash. Aug. 29, 2018) (citing *Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967)).

Preston does not allege in his complaint (or response) that he exhausted the CBA's grievance procedures or that an exception to the exhaustion requirement applies here. Accordingly, the Court dismisses Preston's "standard of care" claim for failure to exhaust available grievance procedures.[7] *See Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-cv-01413-DJC-DB, 2023 WL 6519308, at *8 (E.D. Cal. Oct. 5, 2023) (dismissing the plaintiff's "straightforward" Section 301 claim "[b]ecause [the p]laintiff ha[d] not alleged that she exhausted her claims under the grievance procedure"), *aff'd*, 150 F.4th 1076 (9th Cir. 2025); *cf. Kobold v. Good Samaritan Reg'l Med. Ctr.*, No. 6:12-cv-02082-TC, 2013 WL 1826630, at *7 (D. Or. Feb. 21, 2013) ("[P]laintiff has failed to allege, and cannot prove that she exhausted the mandatory grievance procedures under the CBA as is required by [Section] 301."), *findings and*

---

[7] Legacy also moved to dismiss Preston's standard of care claim on the ground that it "potentially implicates" the NLRA. (*See* Def.'s Mot. Dismiss at 12.) The Court does not reach this argument because Preston has failed plausibly to allege that he exhausted available grievance procedures as required by the LMRA.

PAGE 11 – OPINION AND ORDER

*recommendation adopted*, 2013 WL 1826052 (D. Or. Apr. 28, 2013), *aff'd*, 832 F.3d 1024 (9th Cir. 2016).

### E.    Remedies

Legacy also argues that Preston "fails to state a claim for several requested remedies." (Def.'s Mot. Dismiss at 13.) The Court agrees.

#### 1.    Rescission of Termination

Legacy moves to dismiss Preston's requested remedy of "[i]mmediate rescission of termination, for [Legacy's] failure to be in compliance with FRCP 37(a)." (Def.'s Mot. Dismiss at 14; Compl. ¶ 19.) Legacy argues that "Rule 37(a) is inapplicable to [Preston]'s claims for pre-litigation events—and even if it were applicable, reinstatement or 'rescission of termination' is not an available remedy under Rule 37." (Def.'s Mot. Dismiss at 14.)

Rule 37(b) "empowers the court to take remedial action if a party 'fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a).'" *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (quoting FED. R. CIV. P. 37(b)(2)(A)). Rule 37 does not apply to pre-filing events, but even if it did, it does not provide for recission of termination as a remedy for failing to comply with a discovery request. Accordingly, the Court grants Legacy's motion to dismiss Preston's request for rescission of his termination for failure to comply with Rule 37.

#### 2.    Reinstatement with Full Back-Pay Benefits and Seniority

Legacy moves to dismiss Preston's claim for "[i]mmediate reinstatement with full back-pay benefits and seniority, pursuant to [ORS] § 659A.043." (Def.'s Mot. Dismiss at 13-15; Compl. ¶ 19.) Legacy argues that ORS § 659A.043 "is a state workers' compensation law" and Preston "has not pleaded that he sustained a compensable injury under state workers' compensation laws." (Def.'s Mot. Dismiss at 14.) Legacy also argues that "even if these injuries

PAGE 12 – OPINION AND ORDER

were alleged and construed to be compensable under [ORS] § 659A.043, any request for relief would be untimely . . . [because] Reinstatement rights under [ORS] § 659A.043 terminate three years after the date of injury." (*Id.*)

Section 659A.043 provides that "a worker who has sustained a compensable injury shall be reinstated upon demand for reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position." *Lincoln v. Sweet Home Fire & Ambulance Dist.*, No. 6:24-cv-00610-MTK, 2025 WL 1279379, at *10 (D. Or. May 2, 2025). "Generally, a compensable injury is an accidental injury that arises out of and in the course of employment." *Petock v. Asante*, 268 P.3d 579, 585 (Or. 2011) (simplified). Preston alleges that "[t]hroughout 2019-2021, [he] was absent from work at various times due to ongoing health problems and COVID-19 concerns." (Compl. ¶ 8.) Preston does not allege that any of these injuries arose out of his Legacy employment. Accordingly, Preston has not plausibly alleged that he suffered a compensable injury and he is not entitled to reinstatement under Section 659A.043.

In addition, Section 659A.043 provides that the remedy of reinstatement "terminates when '[t]hree years elapse from the date of injury.'" *Petock*, 268 P.3d at 585 (quoting OR. REV. STAT. § 659A.043(3)(a)(F)). More than three years have elapsed since Preston's employment with Legacy terminated on July 15, 2022. (*See* Wallis Decl. at 7.) Accordingly, the Court grants Legacy's motion to dismiss Preston's request for reinstatement.

### 3. Medical Leave

Legacy moves to dismiss Preston's claim for "[o]ne year of medical leave to begin treatment with Dr. Keith Dempsey for trauma recovery." (Def.'s Mot. Dismiss at 14; Compl. ¶ 19.) Legacy argues that "[t]here is no legal basis" to award medical leave. (Def.'s Mot. Dismiss at 14.) Preston does not allege any legal basis for the requested medical leave remedy. Accordingly, the Court grants Legacy's motion to dismiss Preston's request for medical leave.

PAGE 13 – OPINION AND ORDER

See *Martin v. Spitzer,* No. CIV.S-96-1992-MLSJFM, 1997 WL 931272, at *4 (E.D. Cal. Apr. 10, 1997) ("Indeed, even a pro se litigant must supply the essential elements of her claims for relief, and vague and conclusory allegations will be insufficient to withstand a motion to dismiss."), *aff'd*, 152 F.3d 927 (9th Cir. 1998).

### 4. Statutory Penalties and Interest

Legacy moves to dismiss Preston's claim for "statutory penalties and interest for violations of OR. REV. STAT. § 651.060[.]" (Def.'s Mot. Dismiss at 14; Compl. ¶ 19.) Legacy argues that Section 651.060 grants "the BOLI Commissioner certain powers within a defined proceeding [and] does not grant any powers to [Preston] or provide for any statutory penalties, interest, or civil remedies applicable to [Preston]." (Def.'s Mot. Dismiss at 14.)

Section 651.060(5) provides that "[t]he [BOLI] commissioner may conduct and charge and collect fees for public information programs pertaining to any of the statutes over which the commissioner or [BOLI] has jurisdiction." OR. REV. STAT. § 651.060(5). The statute does not provide that an individual may assert statutory violations for failures to respond to subpoenas in a BOLI proceeding. *See id.* Accordingly, the Court grants Legacy's motion to dismiss the requested remedy.

### 5. Enforcement of ORS § 651.060

Legacy moves to dismiss Preston's claim for enforcement of ORS § 651.060 on the ground that "[Preston] appears to misconstrue [ORS §] 651.060 as giving him, rather than the BOLI Commissioner . . . the powers to issue subpoenas and petition the relevant circuit court for an order to show cause." (Def.'s Mot. Dismiss at 15; Compl. ¶ 19.) In addition, Legacy argues that "[Preston] pleads no legal basis for this Court to now enforce BOLI's pursuit of discovery in a case that BOLI has dismissed." (*Id.*)

///

PAGE 14 – OPINION AND ORDER

Section 651.060 provides that "[t]he Commissioner of [BOLI] may conduct investigations, issue subpoenas and subpoenas duces tecum, administer oaths, obtain evidence and take testimony[.]" OR. REV. STAT. § 651.060. Section 651.060 does not create a private right of action for individuals to compel discovery but instead "vest[s] [BOLI] with the authority to conduct investigations of violations of ORS chapters 652 and 653." *Roberts v. Or. Mut. Ins. Co.*, 255 P.3d 628, 632 (Or. App. 2011). Accordingly, the Court grants Legacy's motion to dismiss the requested remedy.

### 6. Unknown Legal Protections

Legacy moves to dismiss Preston's claim for "[l]egal protections for [Preston], yet unknown, ensuring fairness for those afraid to come forward" for failure to state a claim. (Def.'s Mot. Dismiss at 15; Compl. ¶ 19.) Legacy argues that the "relief requested is so vague as to be unintelligible on the face of the Complaint" and it "is entirely unclear what [Preston] means by 'legal protections' and what he is asking the Court to do." (Def.'s Mot. Dismiss at 15.) The Court agrees and dismisses Preston's claim for unspecified legal protections.

## II. PRESTON'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Preston filed a motion for partial summary judgment "on the issue of liability under ORS § 659A.112, ORS § 659A.043, and ORS § 659A.046." (Pl.'s Mot. Summ. J. at 1.) Preston argues that Legacy's "failure to accommodate and reinstate [Preston] constitutes a violation of Oregon law" and no "genuine dispute of material fact exists regarding liability, and [Preston] is entitled to judgment as a matter of law." (*Id.*)

Legacy "seeks denial of [Preston]'s Motion pursuant to Rule 56(d) or, in the alternative, seeks that [Preston]'s Motion be deferred or continued so that [Legacy] may seek discovery." (Def.'s Resp. Pl.'s Mot. Summ. J. ("Def.'s Resp.") at 6, ECF No. 21.) Additionally, "[t]he pleadings are not yet settled - there are pending motions to dismiss four of [Preston]'s five

PAGE 15 – OPINION AND ORDER

claims, . . . [Legacy] has not yet pleaded its defenses[, and n]o discovery has occurred, by any party." (*Id.*) The Court agrees and denies Preston's motion for partial summary judgment as premature under Rule 56(d).

### A. Legal Standards

"[Rule] 56 provides that if a nonmovant shows by affidavit or declaration that, 'for specified reasons, it cannot present facts essential to justify its opposition,' the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Kauffman v. Orrego*, No. 1:19-cv-01240-MC, 2019 WL 6220982, at *3 (D. Or. Nov. 21, 2019) (quoting FED. R. CIV. P. 56(d)). The denial of a Rule 56(d) application is disfavored "where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). "A lesser showing of specificity may be appropriate, however, before discovery has taken place, because the party making a Rule 56(d) motion 'cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.'" *Kauffman*, 2019 WL 6220982, at *3 (quoting *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)).

### B. Analysis

Preston filed his motion for partial summary judgment before the Court held a scheduling conference or the parties engaged in discovery. Although the timing of the motion was not impermissible under the rules, the early filing supports Legacy's request to defer consideration. *See Burlington,* 323 F.3d at 773 ("Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its

PAGE 16 – OPINION AND ORDER

theory of the case, district courts should grant any Rule 56[(d)] motion freely." (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001))); *Kauffman*, 2019 WL 6220982, at *3 (denying motion for summary judgment, with leave to refile after limited discovery, where it "was filed only a few weeks after the Answer and before any substantive discovery could take place").

Further, Legacy has identified specific, relevant information that it requires to respond to Preston's motion. (Def.'s Resp. at 6-8.) Although Preston disputes the merits of Legacy's proffered defenses, the parties should have the opportunity to present conflicting evidence relevant to disputed material facts. *See Kauffman*, 2019 WL 6220982, at *3 ("[T]he Court believes that it would be premature to grant summary judgment before any discovery has taken place[.]"); *Fellows v. Scottsdale OP Co. LLC*, No. CV-10-03209-PHX-DLR, 2019 WL 1959931, at *2 (D. Ariz. May 2, 2019) ("[I]t is not appropriate to resolve these potentially dispositive issues before [the plaintiff] has had the opportunity to conduct discovery."). The Court finds that Preston's motion for partial summary judgment is premature at this early stage of litigation and therefore denies Preston's motion for partial summary judgment with leave to re-file at a later stage if this case remains in federal court.

///
///
///
///
///
///
///

PAGE 17 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Legacy's partial motion to dismiss (ECF No. 6) and DENIES Preston's motion for partial summary judgment (ECF No. 13). Preston may file an amended complaint within fourteen days if he is able to cure the deficiencies discussed herein. If Preston elects not to file an amended complaint, the Court will grant Preston's motion to remand this case to state court at the parties' request because only a single state law claim (i.e., Preston's first claim for relief under ORS § 659A.112) will remain.[8]

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[8] (*See* Def.'s Resp. Pl.'s Mot. Remand at 3, ECF No. 15, "[I]f the Court grants Defendant's Motion to Dismiss in full without leave to amend, or with leave to amend but Plaintiff chooses not to amend, then no federal claims will remain in the Complaint. If the Complaint at that point asserts only one state law claim under [ORS] § 659A.112 and no other claims, Defendant would not oppose remand to state court based on such a hypothetical pleading.").