IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANCE PRESTON,

          Plaintiff,

    v.

LEGACY HEALTH *et al.*,

          Defendants.

Case No. 3:25-cv-01218-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Plaintiff Rance Preston ("Preston"), a self-represented litigant, originally filed this employment action against Defendant Legacy Health ("Legacy") in Multnomah County Circuit Court.

    Following timely removal based on federal question and supplemental jurisdiction, Legacy filed a partial motion to dismiss Preston's complaint under Federal Rule of Civil Procedure 12(b)(6) and Preston filed a motion for partial summary judgment. Preston also filed a motion to remand to state court. (Pl.'s Mot. Remand, ECF No. 15.) The Court granted Legacy's partial motion to dismiss with leave to file an amended complaint and denied Preston's motion for partial summary judgment. (Op. & Order, ECF No. 31.)

PAGE 1 – OPINION AND ORDER

In its Opinion and Order, the Court dismissed several of Preston's claims with leave to amend (*see id.*), and provided notice to the parties that "[i]f Preston elects not to file an amended complaint, the Court will grant Preston's motion to remand this case to state court at the parties' request because only a single state law claim (i.e., Preston's first claim for relief under [Oregon Revised Statutes ("ORS")] § 659A.112) will remain." (*Id.* at 18.) Legacy had previously represented that "if the Court grants Defendant's Motion to Dismiss in full without leave to amend, or with leave to amend but Plaintiff chooses not to amend, then no federal claims will remain in the Complaint" and therefore "[i]f the Complaint at that point asserts only one state law claim under [ORS] § 659A.112 and no other claims, Defendant would not oppose remand to state court based on such a hypothetical pleading." (Def.'s Resp. Pl.'s Mot. Remand at 3, ECF No. 15.)

On March 5, 2026, Preston notified the Court by telephone that he will not file an amended complaint. (ECF No. 32.) Accordingly, Preston's only pending claim is an employment discrimination claim under ORS § 659A.112. As a result, the Court no longer has federal question jurisdiction over this matter and declines to exercise supplemental jurisdiction. *See Van Moorsel v. California*, No. 2:24-cv-3390-DMC-P, 2025 WL 1635395, at *1 (E.D. Cal. June 9, 2025) ("Where, as here, federal law claims have been dismissed from a lawsuit in its early stages and only state law claims remain, the District Court may remand the matter back to state court.") (citations omitted), *findings and recommendation adopted*, 2025 WL 2483062 (E.D. Cal. Aug. 28, 2025); *Taylor v. YWCA/Angelines Homeless Ctr. for Women*, No. 09-1025 MJP, 2009 WL 10723370, at *2 (W.D. Wash. Dec. 2, 2009) ("With the dismissal of Plaintiff's federal law claims, the Court no longer has original jurisdiction over Plaintiff's complaint. Although the Court may exercise supplemental jurisdiction over Plaintiff's remaining claims in this situation, it declines to do so. Defendants do not object to remand and Plaintiff has several times objected

PAGE 2 – OPINION AND ORDER

to removal to this Court in the first instance. The Court declines to exercise supplemental jurisdiction and remands the remaining claims to state court.") (citations omitted).

## CONCLUSION

For the reasons discussed, the Court GRANTS Preston's unopposed motion to remand (ECF No. 15) and remands this case to Multnomah County Circuit Court.

**IT IS SO ORDERED.**

DATED this 5th day of March, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 3 – OPINION AND ORDER